UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
CHRISTOPHER A. HENRY,

              Petitioner,
  -against-                    **MEMORANDUM AND ORDER**
                                         11-CV-391 (KAM)
UNITED STATES OF AMERICA

              Respondent.
-------------------------------x
KIYO A. MATSUMOTO, United States District Judge:

      On November 5, 2010 and November 22, 2010, *pro se* petitioner Christopher A. Henry ("petitioner") filed petitions for a writ of habeas corpus challenging his ongoing incarceration while awaiting trial on charges stemming from an alleged sexual assault. (*See generally* Docket No. 10-cv-5172, ECF No. 1, Pet. (the "10-cv-5172 Petition"); Docket No. 11-cv-391, ECF No. 1, Pet.) On January 26, 2011, this court dismissed the 10-cv-5172 Petition without prejudice as premature; for the reasons set forth below, the court also dismisses the instant petition in 11-cv-391 without prejudice.

## BACKGROUND

      On December 22, 2003, petitioner was charged in New York Supreme Court, Kings County, by indictment No. 8254/03 with Criminal Sexual Act in the First Degree (N.Y. Penal Law § 130.50[1]), a class B felony; Criminal Sexual Act in the Third Degree (N.Y. Penal Law § 130.40[3]), a class E felony; Sexual Abuse in the First Degree (N.Y. Penal Law § 130.65[1]), a class

D felony; Assault in the Second Degree (N.Y. Penal Law
§ 120.05[6]), a class D felony, and Assault in the Third Degree
(N.Y. Penal Law § 120.00[1]), a class A misdemeanor.  (ECF No.
12, Affidavit of Anthea H. Bruffee in Opposition to Petitions
for Writs of Habeas Corpus ("Bruffee Aff.") ¶ 4.)  The record
before the court sheds no light on these charges because the
criminal case does not appear to have progressed since
petitioner's arraignment on January 15, 2004.  Since the
arraignment, there have been approximately 80 adjournments in
petitioner's criminal case (*id.* ¶ 5), and, to date, petitioner
has not been tried, convicted, or sentenced.  On October 31,
2014, petitioner informed the court that he is currently being
held at the George R. Vierno Center at Rikers Island.  (*See* ECF
No. 38, Notice of Change of Address.)

On November 5, 2010, petitioner filed a petition,
naming the United States as the respondent,[1] for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254 with this court challenging
his ongoing detention in connection with his pending criminal
case.  (*See generally* Docket No. 10-cv-5172, ECF No. 1, Pet.)
On November 22, 2010, petitioner filed a similar petition for a
writ of habeas corpus with the United States District Court for
the Southern District of New York on a court form used for 28

---

[1] Because petitioner has not been in federal custody and the Kings County
District Attorney's Office has appeared on behalf of respondent, the court
substitutes the Warden of the Bellevue Hospital Prison Ward as respondent.

2

U.S.C. § 2255 petitions, challenging the same pending criminal action in Kings County.  (ECF No. 1, Pet.)  By Order dated December 30, 2010, the petition was transferred from the Southern District to this court in the interests of justice to determine whether the petition could be re-characterized as a petition pursuant to 28 U.S.C. § 2254, as petitioner alleged that he was in custody pursuant to proceedings in the Supreme Court of the State of New York, Kings County.[2]  (*See* ECF No. 4, Transfer Order at 1.)  The instant petition raised the following grounds: (1) "Article 36"; (2) ineffective assistance of counsel; (3) "[n]o council [*sic*] intervention"; and (4) violation of petitioner's Sixth Amendment rights.  (ECF No. 1, Pet. at 4-5.)

On January 26, 2011, this court dismissed the 10-cv-5172 Petition without prejudice as premature because petitioner (1) was not in state custody pursuant to a state court judgment, (2) had not exhausted his state court remedies, and (3) had not alleged an absence of an available state corrective process or circumstances that would render such process ineffective to protect petitioner's rights.  (*See* Docket No. 10-CV-5172, ECF No. 2, Memorandum and Order at 1-3.)  On February 14, 2011,

---

[2] Although the Southern District of New York did not find the petition unsustainable under to 28 U.S.C. § 2255, the court properly noted that Section 2255 applies only to petitioners in federal custody, while petitioner alleged he was in custody pending a state court criminal proceeding.  (Docket No. 11-CV-391, ECF No. 4, Transfer Order.)

3

petitioner filed a letter requesting that the court "re-open" that petition, arguing that his petition was not premature. (*See* Docket No. 10-CV-5172, ECF No. 4, Letter dated 2/14/2010.) The court denied petitioner's request because the relief sought by petitioner in that case would be fully addressed by the instant petition. (Docket No. 10-CV-5172, Electronic Order dated 7/11/11.) Respondent submitted an affidavit and memorandum of law in opposition to the petition on April 8, 2011. (ECF No. 12.)

## DISCUSSION

### I. Legal Standard

Section 2254 of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, Section 2254 requires that, in order to be eligible for habeas relief, a petitioner must have "exhausted the remedies available in the courts of the State" or demonstrated that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)-(B). State remedies

are not deemed exhausted until a petitioner has presented the federal constitutional claim's "essential factual allegations" and "fundamental legal basis" to the state's highest court (as well as the lower courts). *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191-92 (2d Cir. 1982) (en banc); *see Ramirez v. Att'y Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)).

Title 28 U.S.C. § 2241, however, "by its terms requires only that a petitioner be 'in custody in violation of the Constitution or laws or treaties of the United States,' without reference to a state court judgment." *Marte v. Berkman*, No. 11 CIV. 6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd sub nom. Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012). Accordingly, courts in this Circuit have construed pre-trial habeas petitions as arising under Section 2241. *See, e.g.*, *Johnson v. New York*, No. 12-CV-03213, 2012 WL 2861004, at *1 (E.D.N.Y. July 11, 2012) (considering pre-trial Section 2254 petition as an application pursuant to Section 2241 and collecting cases).

Although Section 2241 does not contain a statutory exhaustion requirement, court have interpreted it to require a petitioner to exhaust available state court remedies before seeking relief pursuant to Section 2241 in federal court. *Robinson v. Sposato*, No. CV-11-0191, 2012 WL 1965631, at *2

5

(E.D.N.Y. May 29, 2012) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632–34 (2d Cir. 2001)). If a petitioner's remedies remain unexhausted, he may only seek a writ of habeas corpus under Section 2241 if: "(1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law . . . or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." *Robinson*, 2012 WL 1965631, at *2 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Finally, pleadings by a pro se litigant "must be construed liberally." *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006)). "[A] pro se complaint is interpreted so as 'to raise the strongest arguments that [it] suggests,'" in order to prevent pro se litigants from being unfairly disadvantaged by their lack of formal legal training. *Harris v. I.N.S.*, No. 03 CV 2399, 2004 WL 951510, at *1 (E.D.N.Y. Apr. 29, 2004) (internal citations omitted).

## II. Application

Petitioner acknowledges that he is in custody awaiting trial and not "pursuant to the judgment of a State court." (*See* Pet. ¶ 2; *see also* ECF No. 12, Memorandum of Law [in Opposition to Petitions for Writs of Habeas Corpus] ("Resp't Mem.") at 1-

6

2.) Thus, this court lacks jurisdiction to entertain this petition pursuant to Section 2254. *See Johnson v. New York*, 2012 WL 2861004, at *1 (finding that a petitioner awaiting a second trial after a mistrial was "not in custody pursuant to a state court judgment."); *Robinson*, 2012 WL 1965631, at *1 ("Since petitioner, a pretrial detainee at the time he commenced this proceeding, was not 'in custody pursuant to the judgment of a State court' at the time he filed his petition, he cannot seek habeas corpus relief under Section 2254."); *Walker v. Sposato*, No. 11-CV-576, 2012 WL 580234, at *1 (E.D.N.Y. Feb. 17, 2012) (determining the court lacked jurisdiction over § 2254 petition filed before petitioner had "proceeded to trial"). Accordingly, absent any indication that petitioner has been convicted of the offense with which he is charged or that he has exhausted his state court remedies,[3] both of which are necessary to the filing of a petition under Section 2254, the instant petition is premature and must be dismissed without prejudice.

Although petitioner may not seek relief under Section 2254 because he is not in custody pursuant to a state court judgment, in accordance with the liberal construction given to pro se complaints, the court will construe his petition to have been filed under 28 U.S.C. § 2241. *See Marte*, 2011 WL 4946708,

---

[3] Petitioner's failure to exhaust available state court remedies is discussed below in the context of Section 2241.

7

at *5 (construing a petition under Section 2254 as a petition pursuant to Section 2241). The petition must nevertheless be dismissed, however, because petitioner has not exhausted his state court remedies.

Petitioner has not alleged that he has sought any relief in state court for the claims presented in his petition. (Resp't Mem. at 8-11.) According to respondent, the only motions petitioner has made in his pending criminal case have been for review of the grand jury minutes and to repeatedly request examinations under Criminal Procedure Law 730, New York's criminal fit-to-proceed statute. (Bruffee Aff. ¶ 41.) Petitioner has not availed himself of any available state remedies. In its opposing memorandum of law, respondent details some of the state remedies available to a detainee in petitioner's position, including a motion in state court for a writ of habeas corpus pursuant to New York Civil Procedure Law and Rules 7004(c) and/or a motion for release or transfer to civil commitment pursuant to the United States Supreme Court's decision in *Jackson v. Indiana*, 406 U.S. 715 (1972).[4] Moreover, petitioner has not asserted any facts establishing cause for his failure to exhaust state remedies, nor has he indicated that

---

[4] Under *Jackson*, "a defendant in [New York State] adjudicated incompetent is entitled to be released or civilly committed pursuant to article 9 of the Mental Hygiene Law upon a finding that the defendant's chances of achieving competency are 'minimal' or 'nonexistent.'" *People v. Schaffer*, 657 N.E.2d 1305, 1310 (N.Y. 1995) (quoting *Jackson*, 406 U.S. at 727).

8

failure to consider his claims would result in a fundamental miscarriage of justice. Accordingly, his petition must be dismissed.[5]

## CONCLUSION

For the reasons set forth above, petitioner's application for a writ of habeas corpus is denied. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this judgment denying the petition would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

Respondent shall serve a copy of this Memorandum and Order on petitioner and note service on the docket by December 16, 2014. The Clerk of Court is respectfully requested to enter judgment in accordance with this Memorandum and Order and to close the case.

**SO ORDERED.**

Dated:   December 12, 2014
         Brooklyn, New York

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

---

[5] Because the court dismisses petitioner's Section 2241 petition for failure to exhaust state remedies, the court does not consider the merits of petitioner's claims.